CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESSE WILLIAM GIBSON, | ) | CASE NO. 7:17CV00134 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WESTERN VIRGINIA REGIONAL | ) | |
| JAIL AUTHORITY, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Jesse William Gibson, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Western Virginia Regional Jail Authority ("the jail authority"). Gibson alleges that (1) when he asked for medical treatment of his Hepatitis C, a nurse practitioner at the jail told him that his lab results were normal, but refused to show him those results or to arrange for him to seek "help from outside the jail"; and (2) officials have not allowed him to utilize the grievance procedure. (Compl. 2, ECF No. 1.) As relief, he seeks monetary damages. Upon review of the complaint, the court concludes that Gibson has not stated any viable § 1983 claim and, therefore, will dismiss this case without prejudice.

Under 28 U.S.C. § 1915(A)(b)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). To prove that a governmental entity, such as a local jail authority, is liable under § 1983 for constitutional violations committed by its employees, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). "Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690 (1978). Gibson states no facts linking the alleged denial of medical care where he is presently confined to a specific policy or decision "officially adopted" by the governing body of the jail authority. Therefore, he fails to state an actionable claim against this entity, the only defendant that he has properly identified in the heading of his complaint. Accordingly, the court must summarily dismiss this action without prejudice under § 1915A(b)(1).

In addition to the jail authority, Gibson lists several names in the body of his complaint who are not clearly identified as defendants: Major A. Trent, Captain C. Keller, Amanda Doss ("head of medical"), Amy Bremet Robinson (physician assistant), Lisa Ferguson (nurse), and Sergeant J. Kenney.[1] Because Gibson does not have assistance from an attorney in filing this action, the court could construe his submission as attempting to state claims against these individuals. His allegations, however, do not state any actionable § 1983 claim against anyone.

---

[1] Gibson states that Keller and Kenney told him that "if [he] pursue to file a 1983 [he] will blow [his] foot off and they will not allow [him to go through the grievance procedure." (Compl. 2.)

2

Only "[d]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Objectively, the inmate's medical condition must be "serious" in the sense that it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. To prove deliberate indifference, Gibson must show that, subjectively, each defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." Id. at 178 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements about the prisoner's treatment plan. Id. A prison official is "deliberately indifferent" if he "knows of and disregards [or responds unreasonably to] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

Gibson fails to state facts showing that anyone at the jail acted with deliberate indifference to a serious medical need. While Hepatitis C itself is a serious disease, Gibson does not allege that any doctor, in the past or recently, has diagnosed his current stage of this disease as mandating treatment at this time. Indeed, he does not describe any symptoms from which anyone could have known that treatment was necessary. Thus, Gibson fails to allege facts stating any actionable Eighth Amendment claim against any of the jail's medical staff.

Supervisory prison personnel are entitled to rely on the medical judgment and expertise of the medical professionals charged with an inmate's treatment, as to whether the medical evaluation and treatment provided were appropriate to meet that inmate's current medical needs. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995). It is not the function of these prison

3

administrators, or the court, to second guess the good faith treatment decisions of the jail's medical staff. Id. The administrators themselves "cannot be liable for the medical staff's diagnostic decisions" and, indeed, "cannot substitute their judgment for a medical professional's prescription." Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (citations omitted). Therefore, the court is satisfied that Gibson fails to state any § 1983 claim against any supervisory official regarding his medical care at the jail.

Finally, Gibson has no viable claim under § 1983 against jail officers for refusing to provide him access to the grievance procedures. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Thus, the court must summarily dismiss any such claim in this action.

For the reasons stated, the court concludes that Gibson's submissions do not state any claim of constitutional significance actionable under § 1983. Therefore, the court will dismiss the action without prejudice, pursuant to § 1915A(b)(1).

ENTER: This 8th day of May, 2017.

_____
Chief United States District Judge